DYK, Circuit Judge.

ORDER

Massachusetts Bay Transportation Authority (MBTA) petitions for a writ of mandamus to direct the Court of Federal Claims to vacate its order denying MBTA’s motion to disqualify the trial court judge.
The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
MBTA asserts:
The record of the proceedings in this court demonstrate (a) that the trial *991 judge has not been open to being educated on the law pertaining to this case and the facts giving rise to it by counsel for both parties and (b) that the trial judge is unmistakably biased in favor of the government and against MBTA. Despite two favorable decisions by the Federal Circuit Court of Appeals, MBTA has lost every substantive motion and ruling made by the trial judge in this case. Whatever position MBTA advances is either ignored or ruled against....
The trial court denied the motion to disqualify because the basis of MBTA’s motion was its disagreement with the trial court’s “legal decisions, not its conduct.” The arguments presented by MBTA are not sufficient to trigger this court’s review by mandamus.
Accordingly,
IT IS ORDERED THAT:
MBTA’s petition is denied.